**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**YENIFER MACARENO,**

                        **Plaintiff,**

                **- against -**
                                            **REPORT AND**
                                                      **RECOMMENDATION**

**DELTA AIR LINES, INC.,**                          **20-CV-6323 (AMD)**

                        **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      This personal injury action was removed from state court on December 29, 2020, by defendant Delta Air Lines, Inc. ("defendant"), on the ground that the parties are citizens of different states and the amount in controversy exceeds $75,000. See Notice of Removal (Dec. 29, 2020) ("Notice"), Electronic Case Filing Docket Entry ("DE") #1. For the following reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction.

## DISCUSSION

      Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time for lack of subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir. 1993); 28 U.S.C. § 1447(c). The party seeking removal to federal court bears the burden of establishing that the requirements for diversity jurisdiction have been met. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994).

      In the instant action, the Notice of Removal provides an insufficient basis for concluding

that the amount in controversy satisfies the jurisdictional threshold.  The Notice contains only a conclusory statement that "upon information and belief, and based on the Verified Complaint, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs."  Notice ¶ 9.  But the Complaint is silent as to the value of plaintiff's claim.  All that can be determined from the Complaint is that the plaintiff alleges that she was caused to "sustain severe and serious personal injuries."  Complaint ¶ 10, DE #1-2; see id. ¶¶ 14-15 (alleging "serious injuries and economic loss").  These boilerplate allegations fail to sustain defendant's burden to establish that the amount in controversy satisfies the jurisdictional threshold.  See Correa v. YRC Worldwide Inc., 19-CV-1564 (CBA), 2019 WL 1649945, at *1-2 (E.D.N.Y. Mar. 28, 2019), adopted, 2019 WL 1643541 (E.D.N.Y. Apr. 16, 2020); Perez v. Smith, 19-CV-2085 (RJD), 2019 WL 2372497, at *1 (E.D.N.Y. June 3, 2019) (adopting recommendation to remand *sua sponte*); Remy v. Savoie, No. 17-CV-00663 (DLI)(RER), 2017 WL 639251, at *3 (E.D.N.Y. Feb. 16, 2017).  Similarly, the allegation that plaintiff has been damaged in an amount that "exceeds the jurisdictional limits of all lower Courts," Complaint ¶ 16, does not satisfy the monetary threshold for diversity jurisdiction, since the jurisdictional limitation of the lower civil courts of New York is $25,000, see Daversa v. Cowan Equip. Leasing, LLC, No. 20-CV-0163 (WFK), 2020 WL 1866585, at *1 (E.D.N.Y. Jan. 14, 2020), adopted, 2020 WL 967436 (E.D.N.Y. Feb. 28, 2020); Correa, 2019 WL 1649945, at *1.

Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court."  Lupo, 28 F.3d at 273-74.  As defendant

here has failed to satisfy its burden in this regard, the District Court should remand the action. See Islam v. Hertz Vehicles, LLC, 20-CV-4515 (PKC) (RLM), 2020 WL 5893965, at *2 (E.D.N.Y. Oct. 5, 2020) ("Defendant[s] cannot meet [their] burden by relying on inferences drawn from [Plaintiff's Complaint], because the Complaint does not allege a damages amount.") (internal quotation marks and citation omitted); Faktorovich v. Fleet Car Lease, Inc., 17-cv-1824 (DLI)(LB), 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017) ("barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction.

Any objections to this Report and Recommendation must be filed with the Honorable Ann M. Donnelly on or before **January 20, 2020**.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

Dated: Brooklyn, New York
       January 6, 2021

/s/   *Roanne L. Mann*
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**