UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
**YENIFER MACARENO**,

                Plaintiff,

      **-** against **-**                      **MEMORANDUM DECISION AND ORDER**

**DELTA AIR LINES, INC.**, *et al.*,          20-cv-06323 (AMD) (RLM)

                Defendants.
---------------------------------------------------------------X
**ANN M. DONNELLY,** United States District Judge:

      The plaintiff filed this lawsuit on November 3, 2020, in the Supreme Court of the State of New York, Kings County, alleging that she sustained serious injuries during an April 1, 2019 accident that was caused by the defendants' negligence. On December 29, 2020, the defendants removed the action to this court on the basis of diversity jurisdiction. They assert that both defendants reside outside of New York—the plaintiff's state of residence—and that "based on the Verified Complaint, the matter in controversy exceeds the sum of $75,000.00." (ECF No. 1 ¶¶ 6-9.)

      Magistrate Judge Roanne L. Mann issued a *sua sponte* Report and Recommendation on January 6, 2021, recommending that I remand this action to state court because the defendants' notice of removal did not adequately establish that the amount in controversy exceeded $75,000 as required by 28 U.S.C. § 1332. (ECF No. 10.) The defendant filed a timely objection to Judge Mann's report. (ECF No. 11.) For the reasons that follow, I adopt Judge Mann's Report and Recommendation but give the defendants leave to amend their Notice of Removal.

## STANDARD OF REVIEW

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A party's

objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)) (internal quotation marks omitted). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted). Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

## DISCUSSION

A federal court can remand an action for lack of subject matter jurisdiction at any time before the entry of judgment. 28 U.S.C. § 1447(c); *see also JP Morgan Chase Bank, N.A. v. Caires*, 768 F. App'x 73, 74 (2d Cir. 2019) (summary order). A defendant seeking to remove an action to federal court based on diversity jurisdiction "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount of $75,000." *Palmer v. Schindler Elevator Corp.*, No. 17-CV-3619, 2017 WL 3037411, at *2 (E.D.N.Y. July 18, 2017) (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d

Cir. 2000)) (internal quotation marks omitted); *cf.* 28 U.S.C. § 1446(c)(2)(B) (removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)").

To determine whether the defendant has met that burden, the court looks first to the complaint and then to the petition for removal.  *Mehlenbacher*, 216 F.3d at 296.  If the amount in controversy is not clear from the pleadings, the defendant may attach documents outside of the pleadings, including "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery," to their removal notice.  28 U.S.C. § 1446(c)(3)(A); *see also United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) ("Where the pleadings themselves are inconclusive as to the amount in controversy, [] federal courts may look outside those pleadings to other evidence in the record.").

As Judge Mann correctly concluded, the defendants did not establish with "reasonable probability" that the amount in controversy exceeds $75,000.  (ECF No. 10 at 2.)  The complaint does not contain any allegation that could be construed as seeking damages in excess of $75,000, and the notice of removal contains only a single conclusory statement about the amount in controversy that is unsupported by additional documentation.  (*See* ECF No. 1 ¶ 9.)  Thus, the defendants did not establish that the requirements of diversity jurisdiction were met at the time they removed this action.

Along with their objections to Judge Mann's report, the defendants submitted the plaintiff's Notice of Claim, dated June 13, 2019, in which the plaintiff requests $3,000,000 in damages.  (ECF No. 12-3 at 3-4.)  Although this document does appear to establish the requisite amount in controversy, the defendants did not submit this evidence with their notice of removal,

3

despite the fact that the removal statute expressly authorizes them to do so if the amount in controversy cannot be ascertained from the pleadings. *See* 28 U.S.C. § 1446(c)(3)(A). Because of this oversight, the defendants did not establish the requirements of diversity jurisdiction; thus, the Court lacks subject matter jurisdiction over this action. Accordingly, Judge Mann's recommendation is correct.

Courts often allow defendants to present additional evidence of the amount in controversy if there is a good reason for doing so. *See, e.g.*, *Mehlenbacher*, 216 F.3d at 298 (remanding to the district court to give the defendant an opportunity to establish the amount in controversy); *United Food*, 30 F.3d at 306 (remanding to the district court "to allow the parties to submit evidence on the amount in controversy and to give defendants an opportunity to meet their burden as to this requirement of diversity jurisdiction as well"). The defendants have submitted evidence suggesting that the plaintiff's demand will likely exceed $75,000. Therefore, I will allow the defendants to amend their notice of removal and present evidence supporting their claim that this action meets the amount in controversy requirement.

## CONCLUSION

For the reasons stated above, I adopt Judge Mann's thoughtful and well-reasoned Report and Recommendation. By February 12, 2021, the defendants are directed to file an Amended Notice of Removal, or I will remand this action to state court.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                              ANN M. DONNELLY
                                              United States District Judge

Dated: Brooklyn, New York
       February 5, 2021